Christian, J.
I dissent from the opinion of the court pronounced in this case. The court below, it seems, instructed the jury that there was no legal assignment of hands to work on the road over which the defendant was the surveyor; and also that it was the duty of the county court to make such assignment. From the evidence it appears that, in point of fact, no such assignment was made by the county court. This being so, to give a judgment against the defendant upon the finding of the jury, would be to impose a fine *660 upon him for not keeping his road in repair, when he had no means legally to enable him to do so. No hands having been assigned to work on the road, there were of course none which he could compel (in the way designated by the statute) to work on it; and if he could not compel them, he ought not to be liable for failing to do what he was only required to do by reason of the law which gave him authority to compel the hands to work. I hold it to be sound in principle, that if the law impose a public duty upon any one, and require the court to furnish him certain prescribed means of performing that duty, he is not liable to be punished for not performing it, if the court has not furnished the means prescribed, although it may appear that he might have performed the duty notwithstanding. The decision in this case, in my opinion, goes the length of requiring a man to whom a particular duty is by law assigned, and the means of performing it designated, to execute that duty although the means have not been furnished, if it shall appear that he might otherwise have performed it. I think, therefore, that the verdict should be set aside, and a new trial awarded the defendant.